# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRADEPOINT ATLANTIC, LLC <br> 6995 Bethlehem Boulevard <br> Sparrows Point, Maryland 21219 <br><br> Plaintiff <br><br> v. <br><br> BEFESA ZINC US, INC. <br> 300 GSK Drive, Suite 201 <br> Moon Township, Pennsylvania 15109 <br><br> And <br><br> GLENCORE LTD. <br> 330 Madison Avenue <br> New York, New York 10017 <br><br> And <br><br> TRAFIGURA GROUP PTE, LTD. <br> 1401 McKinney Street, Suite 1500 <br> Houston, Texas 77010 <br><br> And <br><br> HOST TERMINALS, LLC <br> 150 W. Main Street, Suite 1600 <br> Norfolk, Virginia 23510 <br><br> And <br><br> OCEAN PARTNERS USA, INC. <br> 43 Danbury Road <br> Wilton, Connecticut 06897 <br><br> And <br><br> KM CRANE, LLC <br> 1575 Sparrows Point Blvd. <br> Sparrows Point, Maryland 21219 <br><br> And | * <br> * <br> * <br> * <br> * Civil Action No: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

| | |
|---|---|
| CONCORD RESOURCES LIMITED<br>3 St. James Square, 8th Floor<br>London UK SW14JU | *<br><br>* |
| And | * |
| VITOL AMERICAS CORPORATION<br>2925 Richmond Avenue, Suite 1100<br>Houston, Texas 77098 | *<br><br>* |
| Defendants | * |

\* \* \* \* \* \*\* \* \* \* \* \* \*

## COMPLAINT FOR INTERPLEADER

Tradepoint Atlantic, LLC (hereinafter, "Tradepoint Atlantic"), by and through its attorneys, Alexander M. Giles, James R. Jeffcoat, and Whiteford, Taylor & Preston, hereby files this Complaint for Interpleader against Befesa Zinc U.S., Inc. ("Befesa"), Glencore Ltd. ("Glencore"), Trafigura Group Pte, Ltd. ("Trafigura"), Host Terminals, LLC ("Host Terminals"), Ocean Partners USA, Inc. ("Ocean Partners"), KM Crane, LLC ("KM Crane"), Concord Resources Limited ("Concord"), and Vitol Americas Corporation ("Vitol"), and states as follows in support thereof.

## PARTIES

1. Tradepoint Atlantic is a Delaware limited liability company with its principal place of business at 6995 Bethlehem Boulevard, Sparrows Point, MD 21219.

2. Befesa is a Delaware corporation with its principal place of business at 300 GSK Drive, Suite 201, Moon Township, PA 15109.

3. Glencore is a New Jersey limited corporation with its principal place of business at 330 Madison Avenue, New York, NY 10017.

- 3 -

4. Trafigura is a foreign limited corporation with its principal place of business in the United States at 1401 McKinney Street, Suite 1500, Houston, TX 77010.

5. Host Terminals is a Virginia limited liability company with its principal place of business at 150 W. Main Street, Suite 1600, Norfolk, VA 23510.

6. Ocean Partners is a Connecticut corporation with its principal place of business at 43 Danbury Road, Wilton, CT 06897.

7. KM Crane is a Maryland limited liability company with its principal place of business at 1575 Sparrows Point Boulevard, Baltimore, MD 21219.

8. Concord is a foreign limited corporation with its principal place of business at 3 James Square, 8th Floor, London UK SW14JU.

9. Vitol is a Delaware corporation with its principal place of business at 2925 Richmond Avenue, Suite 1100, Houston, TX 77098.

## JURISDICTION AND VENUE

10. This is an action within this Court's original jurisdiction pursuant to 28 U.S.C. §1335 and/or Fed. R. Civ. P. 22.

11. Alternatively, this is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333 and Fed. R. Civ. P. 9(h).

12. Venue is proper in this Court as the Zinc Calcine Cargo is currently stored at Tradepoint Atlantic's industrial facility with a corporate address at 6995 Bethlehem Boulevard, Sparrows Point, MD 21219.

## FACTUAL BACKGROUND

13. In July of 2016, Ocean Partners filed a Verified Complaint pursuant to Supplemental Admiralty and Maritime Rule D, *in rem*, against 9,174 NT of Bulk Zinc Calcine

located at the Tradepoint Atlantic Warehouse in Sparrows Point, Maryland.  That Verified Complaint was filed in this Court, and was assisgned Civil Action No. 16-CV-2657-JKB (hereinafter, "2016 Rule D Cargo Arrest").

14. Concord and KM Crane entered appearances in the 2016 Rule D Cargo Arrest, and, shortly thereafter, Concord filed a Motion to Vacate the Warrant of Arrest on the basis that Ocean Partners could not conclusively prove ownership to the then existing quantities of Zinc Calcine, which, following a hearing, was granted by Judge Bredar on July 29, 2016.

15. Despite vacating the Warrant of Arrest, the case remained on the docket to presumably allow the parties an opportunity to attempt to amicably resolve the dispute with the assistance of the Court.

16. The parties participated in a Settlement Conference before U.S. Magistrate Judge Gallagher on July 6, 2017, which did not result in a resolution.  Eventually, on December 8, 2017, Ocean Partners elected to voluntarily dismiss the litigation without having reached a resolution as to the ownership or delivery of the alleged parcel of Zinc Calcine cargo.

17. During the pendency of the 2016 Rule D Cargo Arrest, Host Terminals took over stevedoring, warehousing, and terminal operations responsibilities at Tradepoint Atlantic's property in Sparrows Point, MD.

18. Host Terminals served in that same capacity from 2016 until December 31, 2021.

19. As part of its responsibilities for stevedoring, warehousing, and terminal operations, Host Terminals attempted to implement inventory management efforts regarding certain cargoes, including, among other cargoes, a consolidated lot of approximately 3,600 MT of Zinc Calcine[1] cargo at issue in this case.

---

[1] Tradepoint Atlantic has not independently confirmed the weight of the current consolidated lot of Zinc Calcine cargo at issue in this Complaint.  Rather, it is relying upon information received from others,

20. Upon information and belief, Host Terminals entered into mutual release agreements with entities, including some of the Defendants identified herein, for portions of the larger consolidated lot of approximately 3,600 MT of Zinc Calcine.

21. In fact, Host Terminals has recently acknowledged executing a mutual release with Concord, that evidently settled claims relating to just 310.60 MT of Zinc Calcine, which it has alleged is part of the larger, approximately 3,600 MT consolidated lot of Zinc Calcine.

22. In March 2021, Tradepoint Atlantic notified Host Terminals that it would be terminating the Terminal Services Agreement with Host Terminals then in place.

23. Subsequently, on June 30, 2021, Tradepoint Atlantic and Host Terminals executed a Termination and Transition Agreement, which provided for, among other things, the transition of inventory and services from Host Terminals to Tradepoint Atlantic by the end of December 31, 2021.

24. In preparation for the transition of responsibility from Host Terminals to Tradepoint Atlantic, Host Terminals worked with its customers during the final months of 2021 to either have them completely remove their respective cargoes from the Premises, or the customers were encouraged to enter into contractual negotiations with Tradepoint Atlantic personnel for possible continued storage and/or other related terminal and stevedoring services beginning on January 1, 2022.

25. On or about December 17, 2021, it was brought to the attention of Tradepoint Atlantic that Host Terminals and Befesa were in discussions to arrange for the removal of the approximately 3,600 MT of Zinc Calcine from Shed 1 of Tradepoint Atlantic's property.

---

including from Host Terminals who was responsible for stevedoring, warehousing, and terminal operations at Tradepoint Atlantic's property prior to January 1, 2022.

26. On or about that same date, December 17, 2021, Host Terminals and Befesa separately informed Tradepoint Atlantic that the approximately 3,600 MT of Zinc Calcine cargo likely would not and could not be removed from the property before December 31, 2021.

27. Tradepoint Atlantic strongly encouraged both Host Terminals and Befesa to find a solution that resulted in the Zinc Calcine being completely removed from the property prior to Tradepoint Atlantic assuming responsibility for stevedoring, warehousing, and terminal operations on January 1, 2022. Host Terminals and Befesa failed to find a solution to remove the Zinc Calcine from the property prior to January 1, 2022, resulting in the Zinc Calcine remaining at the property against Tradepoint Atlantic's request.

28. On January 1, 2022, Tradepoint Atlantic assumed responsibility for terminal operator, warehousing, and stevedoring services at Tradepoint Atlantic's Sparrows Point facility and marine terminal, located at 1600 Sparrows Point Blvd., Sparrows Point, Maryland 21219 (hereinafter, "the Premises").

29. After substantial negotiations lasting several months, Tradepoint Atlantic and Befesa were unable to reach agreement on the release of said cargoes.

30. Contemporaneously, Tradepoint Atlantic became aware of the possibility that various entities may attempt to assert an ownership claim in Court against the approximately 3,600 MT of Zinc Calcine, or a portion thereof.

31. In a recent filing made in the Circuit Court for Baltimore City (*Host at Tradepoint, LLC v. Befesa Zinc US, Inc.,* Case No. 24-C-22-001640), Host Terminals has sought a declaratory judgment from that court seeking a determination that it, and not Befesa, should be deemed the rightful owner of the approximately 3,600 MT of Zinc Calcine.

- 7 -

32. The declaratory judgment action, though, only involves Host Terminals and Befesa as the two named parties to that litigation, and does not currently involve any of the other entities included as Defendants in this Complaint for Interpleader.

33. As such, Tradepoint Atlantic has legitimate concerns about the potential release and delivery of the approximately 3,600 MT of Zinc Calcine, as it fears that third-parties (known or unknown) may possibly attempt to assert a claim for damages against Tradepoint Atlantic if the Zinc Calcine cargo were to be released in its entirety to either Befesa or Host Terminals. More specifically, Tradepoint Atlantic fears that it might be liable to multiple other potential entities for releasing such cargo to the wrong entity.

34. While Tradepoint Atlantic is not seeking ownership of the approximately 3,600 MT of Zinc Calcine at issue in this litigation, Tradepoint Atlantic is, however, requesting reimbursement for past storage charges for that Zinc Calcine cargo since January 1, 2022. In addition, Tradepoint Atlantic also requests payment for any future storage, handling, and loading charges pertaining to the approximately 3,600 MT of Zinc Calcine cargo that may be required once the rightful owner(s) is determined and arrangements are made for the delivery of said cargo.

35. To date, Tradepoint Atlantic has incurred approximately $150,000 in storage charges for the Zinc Calcine cargo at issue in this litigation through the first four months of 2022.

36. The anticipated future storage, handling, and loading charges pertaining to this approximately 3,600 MT of Zinc Calcine cannot be determined with any specificity at this point in time, but will be updated accordingly once determined.

WHEREFORE, Plaintiff Tradepoint Atlantic, LLC respectfully requests that this Court order:

1. That the Defendants be required to interplead and settle between themselves their rights to the Zinc Calcine cargo at issue herein;

2. That once this Court determines the rightful owner, or owners, of the approximately 3,600 MT of Zinc Calcine, that payment for Tradepoint Atlantic's current storage charges for the Zinc Calcine cargo be deemed due and owing to Tradepoint Atlantic, and that such payment shall be made to Tradepoint Atlantic before any of the Zinc Calcine cargo will be released from Tradepoint Atlantic's possession;

3. That the rightful owner, or owners, shall be deemed liable for paying Tradepoint Atlantic's anticipated future storage, handling, and loading charges pertaining to this approximately 3,600 MT of Zinc Calcine;

4. That each of the Defendants, their successors, and assigns be forever enjoined from bringing or prosecuting any other action affecting the Zinc Calcine cargo at issue;

5. That the Plaintiff be discharged from any further liability with respect to this Zinc Calcine cargo;

6. That the Plaintiff recover its costs and reasonable attorneys' fees in so much as the Plaintiff has brought this action in good faith and as an impartial stakeholder;

7. The the Defendants, and each of them, be required to interplead as to the Zinc Calcine cargo within a time specified by the Court; and

8. That the Court grant such other and further relief as it deems appropriate.

- 9 -

        */s/ Alexander M. Giles*
Alexander M. Giles, Fed. Bar No. 25474
James R. Jeffcoat, Fed. Bar No. 30105
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
Telephone: (410) 347-8750
Facsimile: (410) 223-4309
agiles@wtplaw.com
jjeffcoat@wtplaw.com

Attorneys for Plaintiff,
TRADEPOINT ATLANTIC, LLC

*12274025*